# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

02 APR -2 AM 10: 39

| | | |
|---|---|---|
| **TRUSTEES OF THE AUTOMATIC SPRINKLER INDUSTRIAL PENSION FUND, ET AL.,** | ] | |
| Plaintiffs, | ] | |
| **ROAD SPRINKLER FITTERS LOCAL UNION NO. 669,** | ] | CV-01-N-2772-S |
| Intervener, | ] | |
| vs. | ] | |
| **McILWAIN SPRINKLER CO., ET AL.,** | ] | **ENTERED** APR 0 2 2002 |
| Defendants. | ] | |

**Memorandum of Opinion**

## I. Introduction

The court has for consideration the plaintiffs' ("Trustees'") motion for an order to show cause why the defendants (collectively referred to as "McIlwain") should not be found in contempt for their failure to abide by the injunctive provisions of an order issued by the United States District Court for the District of Maryland requiring them to, *inter alia*, turn over certain records for inspections and audit, filed on October 31, 2001. [Doc. #2.] Also before the court is McIlwain's motion for an order declaring that the judgment of the Maryland district court is not final and cannot be registered in this court, or, alternatively, to set aside that judgment pursuant to Fed. R. Civ. Pro. 60(b). [Doc. # 13.] After thoroughly reviewing the record and the applicable law, the court finds that the Trustee's motion is due



to be denied and that this action is due to be dismissed for refiling in the appropriate court.

## II.    Facts

In June, 1996, the parties entered into an agreement, although they dispute whether that agreement bound McIlwain to a particular collective bargaining agreement. On March 10, 2000, the Trustees filed suit in the United States District Court for the District of Maryland for the purpose of enforcing the disputed collective bargaining agreement. On July 26, 2000, that court entered default against McIlwain, and, on June 28, 2000, entered a default judgment. In its judgment, the court ordered the following:

> 1.    McIlwain Sprinkler is bound to the Collective Bargaining Agreement effective as of April 1997 between Road Sprinkler Fitters Local Union 669, U.A., pursuant to Paragraph 14 of the court-approved Settlement Agreement.
>
> 2.    McIlwain Sprinkler Co. is enjoined from continuing future violations of the Collective Bargaining Agreement by failing to make contributions due to the Funds and failing to submit remittance report forms, as required by the Agreement.
>
> 3.    Defendants McIlwain Sprinkler Co. and Willard McIlwain are ordered to submit to a complete audit of its wage and payroll records for the period covered by the Complaint, not later than 30 days after the entry of this Judgment.
>
> 4.    Defendants McIlwain Sprinkler Co. and Wiilard McIlwain are liable to the Plaintiff Funds for the amount determined as owing by the audit requested in paragraph 3 above, plus liquidated damages, interest from the date of any delinquency until the date of payment, costs, and reasonable attorneys fees pursuant to 29 U.S.C. § 1132(g)(2);
>
> 5.    Upon affidavit by the Plaintiff a Judgment shall be entered against the Defendants McIlwain Sprinkler Co. and Willard McIlwain for all expenses, including accountant's fees, related to the audit of its payroll and wage records, pursuant to the terms of the Agreements and Declarations of Trust.

*Trustees of the National Automatic Sprinkler Industry Pension Fund, et al. v. McIlwain*

*Sprinkler Co., et al.*, No. AW00CV0696 (D. Md. filed July 31, 2000).

On November 3, 2000, the Trustees had the default judgment registered in this court pursuant to 28 U.S.C. § 1963. On October 31, 2001, they filed the motion that is presently at issue, seeking to have this court enforce the provisions of the Maryland court's order through the use of contempt proceedings. On November 9, 2001, the court ordered McIlwain to show cause why it had not obeyed the order of the Maryland district court. After McIlwain failed to show cause as ordered, the court set a hearing on the Trustees' motion, which was held in open court on December 20, 2001. At that time, McIlwain was present but unrepresented. The court granted McIlwain until February 1, 2002, to retain counsel and show cause why the court should not enforce the Maryland district court's order. The court also allowed Road Sprinkler Fitters Local Union No. 669 (the "Union") to intervene. On February 1, 2002, McIlwain, having retained counsel, filed both a response to the show cause order and a motion requesting the court to declare that the order of the Maryland district court cannot be registered in this court, or to set aside that order pursuant to Fed. R. Civ. Pro. 60(b).

### III. Discussion

In its motion, McIlwain argues that the default judgment entered by the Maryland district court is not final and cannot be properly registered for enforcement in this court, or, alternatively, that the Maryland judgment is due to be set aside pursuant to Fed. R. Civ. Pro. 60(b). Noting that the entire basis of this action is the Trustees' request that this court enforce the injunctive portions of the Maryland district court's order by use of its contempt powers, and finding that the Trustees cannot obtain such relief in this court, the court does

not reach McIlwain's motion.

Assuming without deciding that the Maryland district court's opinion was properly registered in this court,[1] it is clear that the portion of the judgment that the Trustees' here seek to enforce is of an injunctive nature. Indeed, in their brief, the Trustees state that they "have simply brought an action to enforce the terms of the Default Judgment requiring an audit of [McIlwain]'s books and records." The registration of a judgment in a court only supports that court's enforcement efforts in regard to the recovery of an award of damages, not injunctive relief. *See* 28 U.S.C. § 1963 (2002); *Stiller v. Hardman*, 324 F.2d 626, 628 (2nd Cir. 1963) ("Thus, if the Ohio court had only issued an injunction order its judgment order would not have been registrable, but inasmuch as the Ohio judgment contained, together with an injunction order, an award for damages, the entire Ohio judgment is nominally registrable **but the injunctive portion thereof is not enforceable**.") (emphasis added). In response to McIlwain's motion, however, the Trustees and Union argue that they have brought a separate action to enforce the terms of the Maryland court's judgment and are not seeking to rely on the fact of registry of that judgment in this court.

Even if the Trustees have brought an action to enforce the injunctive portions of the Maryland district court's judgment separate from their registration of that judgment in this court, they are not entitled to the relief that they seek. While the Trustees seek to invoke the contempt power of this court in aid of enforcement, the law in this circuit is clear that "the court against which a contempt is committed has **exclusive** jurisdiction to punish for

---

[1] A judgment can only be registered in another court when that judgment is final. 28 U.S.C. § 1963 (2002). As McIlwain points out, it appears that the Maryland district court' order contemplated further proceedings in order to finally fix McIlwain's liability.

such contempt." *U.S. v. Barnett*, 330 F.2d 369, 385 (5th Cir. 1963) (*citing In re Debs*, 158 U.S. 564 (1895) *and Ex parte Bradley*, 74 U.S. 364 (1868)) (emphasis added). Indeed, the Advisory Committee Notes to Fed. R. Civ. Pro. 4.1 read: "Contempt proceedings, whether civil or criminal, must be brought in the court that was allegedly defied by a contumacious act." Fed. R. Civ. Pro. 4.1 (2001). *See also Baker by Thomas v. General Motor Corp.*, 522 U.S. 222, 236 (1998) ("Sanctions for violations of an injunction, in any event, are generally administered by the court that issued the injunction."); *Klett v. Pim*, 965 F.2d 587, 590-91 (8th Cir. 1992) ("The plain meaning of [18 U.S.C. § 401, the statute establishing the contempt power of federal courts,] prevents a federal court from imposing a sanction for contempt of another court's injunction."); *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985) ("Enforcement of an injunction through a contempt proceeding must occur in the issuing jurisdiction becauase contempt is an affront to the court issuing the order."); *In re Williams*, 244 B.R. 858, 867 (Bankr. S.D. Ga. 2000) ("Only the court whose order has been defied, however, has jurisdiction to entertain contempt proceedings.") (internal quotations omitted). As a result, the Trustees are not entitled to maintain an action for enforcement in this court that seeks to invoke this court's power of contempt. The Trustees' underlying motion, upon which this action is based, is therefore due to be denied and the action dismissed.

Done, this _1st_ of April, 2002.

                                        _____
                                        EDWIN L. NELSON
                                        UNITED STATES DISTRICT JUDGE